IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RUDY GUILLEN, an individual,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **COUNTRYWIDE HOME LOANS, INC.** § <br> **N/K/A BANK OF AMERICA, N.A.; U.S.** § <br> **BANK, N.A. AS TRUSTEE FO RTHE** § <br> **TRUMAN 2013 SC3 TITLE TRUST;** § <br> **RUSHMORE LOAN MANAGEMENT** § <br> **SERVICES, LLC; AND MORTGAGE** § <br> **ELECTRONIC REGISTRATION** § <br> **SYSTEMS, INC. AKA "MERS",** § <br> § <br> Defendants. § | **Civil Action No. 4:15-cv-849** |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants US Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust ("US Bank"), Rushmore Loan Management Services, LLC ("Rushmore"), and Mortgage Electronic Registration Systems, Inc. ("MERS" and together with US Bank and Rushmore, "Defendants") file this Motion for Summary Judgment, and respectfully show as follows:

### I. SUMMARY

1.  Plaintiff, Rudy Gillen ("Guillen" or "Plaintiff"), is a borrower on a mortgage loan secured by the property located at 13334 Lake Passage Lane, Houston, Texas 77044 (the "Property"). *See Pl's Orig. Pet.* at ¶1.

2.  On March 12, 2015, Guillen filed *Plaintiff's Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction* (the "Petition") against Defendants seeking to delay Plaintiff's eviction from the Property. *See Pl's Orig. Pet.*

3. In the Petition, Plaintiff alleges that foreclosure on the Property was invalid because Defendant US Bank was barred by the statute of limitations from enforcing its lien interest on the Property. *Id.* at ¶¶22-25. Plaintiff further claims that US Bank had no standing to foreclose on the Property because the assignments of the Note and Deed of Trust are invalid. *Id.* at ¶¶ 26-37.

Plaintiff's Petition brings claims against Defendants for:

(1) affirmative defense of statute of limitations to foreclosure;

(2) lack of standing to foreclose as a real party in interest;

(3) quiet title and declaratory relief;

(4) breach of contract and lack of contractual standing;

(5) violations of the Texas Debt Collection Act (TDCA);

(6) rescission; and

(7) Plaintiff also seeks a Temporary Restraining Order and Temporary Injunction Prohibiting eviction from the Property pursuant to the Foreclosure sale that occurred on September 2, 2014. *See Pl's Orig. Pet..*

4. Defendants removed this action to this Court on April 2, 2015 and filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 14, 2015. [ECF Nos. 1, 10.] On June 3, 2015, the Court issued an order converting Defendants' Motion to Dismiss to a Motion for Summary Judgment, and ordered that Defendants provide supplemental briefing and evidence to support the Motion. [ECF No. 17.] The present Motion is in response to the Court's Order.

5. Through this Motion, Defendants will show that all of Plaintiff's claims against Defendants fail as a matter of law because the Plaintiff's loan was modified in 2012, thereby

rescinding the acceleration of his loan and he has no standing to challenge the assignments to his Note and Deed of Trust. Accordingly, Defendants are entitled to final summary judgment dismissing all of Plaintiff's claims against them with prejudice.

## II. FACTS

6. On or about April 3, 2007, Rudy Guillen ("Guillen") executed a Adjustable Rate Note (the "Note") for $164,160.00 payable to America's Wholesale Lender ("America's Wholesale"). (Exh. A, A-1.) The Note was secured by the property commonly known as 13334 Lake Passage Lane, Houston, Texas 77044 (the "Property"). Concurrently with execution of the Note, Guillen executed a Deed of Trust securing the repayment of the Note with the Property (the "Deed of Trust" and together with the Note as the "Loan"). (Exh. A, A-2).

7. The original beneficiary of the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS"). (Exh. A, A-2.) The Deed of Trust was granted, sold, assigned, transferred, and conveyed by MERS, solely as nominee for America's Wholesale, to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP ("BAC"). (*Pl's Orig. Pet.* at Exh. H.) On July 1, 2011, BAC merged with Bank of America, N.A. ("Bank of America"), with Bank of America as the surviving entity. (Exh. B-1.) Bank of America then assigned its interest in the Deed of Trust to US Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust[1]. (Exh. A, A-3.) This assignment to US Bank is reflected in that certain Assignment of Deed of Trust dated March 24, 2014 and filed in the real property records of Harris County, Texas. (Exh. A, A-3.) US Bank is the current owner of the Note and beneficiary of the Deed of Trust. (Exh. A.) Rushmore is the current mortgage servicer for US Bank. (*Id.*)

---

[1] Defendants would note that the remaining assignments attached to Plaintiff's Petition are of no consequence since they all result in assignment of the Deed of Trust to Bank of America who then assigned its interest to US Bank.

8. On December 31, 2012, Guillen executed a Loan Modification Agreement as an amendment and supplement to his original loan agreement. (Exh. A, A-4.). The Loan Modification Agreement was countersigned by Stewart Lender Servicers, Inc., attorney in fact for the prior mortgage servicer, Bank of America, N.A. (*Id.*) As part of the Loan Modification Agreement, US Bank agreed to forgive $85,267.34 in principal and to deem the account current. (*Id.*) US Bank performed its obligation under the Modification Agreement by forgiving $85,267.34 in principal and deeming the loan account current. (Exh. A, A-5, A-6.) Guillen failed to tender his payments under the modification agreement, when due. (*Id.*) The loan is currently due for the January 1, 2013 payment and all subsequent payments. (*Id.*)

9. As a result of Guillen's default, US bank initiated foreclosure proceedings and foreclose on the Property on or about September 2, 2014. *See Pl's Orig. Pet.* at ¶13. Plaintiff filed the current action in response to US Bank's attempt to evict Plaintiff from the Property. *See generally*, *id.*

### III. SUMMARY JUDGMENT STANDARD

10. Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Supreme Court has further held that the moving party may discharge its summary judgment burden of proof by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). If the non-moving party bears the burden of proof at trial, the moving party need only point to the absence of any fact issue in the record, and the evidentiary burden then shifts to the non-moving party to show with "significant probative" evidence that there exists a

triable issue of fact. *Celotex,* 477 U.S. at 322; *see also Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim."). If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986).

11. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586; *see also Little v. Liquid Air Corp.*, 37 F3d 1069, 1075 (5th Cir. 1994) (en banc) (non-movant cannot defeat a motion for summary judgment with "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence). On summary judgment, the district court must view the evidence and the inferences in the light most favorable to the non-movant. *FDIC v. Dawson*, 4 F.3d 1303, 1306 (5th Cir. 1993).

### III. ARGUMENT AND AUTHORITIES

**A. Plaintiff's claim that US Bank's lien interest was barred by the statute of limitations fails.**

12. Plaintiff alleges that US Bank was barred from exercising its lien interest on the Property because it recorded a notice of sale more than four years prior to the September 2, 2014 foreclosure sale. *See Pl's Orig. Pet.* at ¶¶23. For this alleged wrong Plaintiff brings a claim for violation of the Texas Debt Collection Act. *See Pl's Orig. Pet.* at ¶¶55-62. Under Texas Civil Practice and Remedies Code Section 16.035(b), a sale of real property under a power of sale must be made within four years after the date the cause of action accrues. *See* TEX. CIV. PRAC. REM. CODE § 16.035(b). In the case of a loan with an optional acceleration clause, the four-year limitations period does not begin running until acceleration is exercised. *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex. 2001). "Effective acceleration requires two

acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Id.* Once acceleration has been exercised, the statute of limitations can be reset if the acceleration is abandoned. *Id.* at 566-67. Acts of abandonment include, *inter alia*, payments accepted by the holder without exacting any remedies available to it after acceleration (*id.*) and an agreement between the parties establishing that the full amount of the loan is not due (*see Rosas v. America's Servicing Co. (In re Rosas)*, 520 B.R. 534, 540, 2014 U.S. Dist. LEXIS 146002 at *12 (W.D. Tex. 2014); *see also Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

   13. In this case, Plaintiff's statute of limitations defense fails as a matter of law. First, Plaintiff fails to allege facts that would establish the loan was accelerated in 2010. *See Pl's Orig. Pet.* Plaintiff only alleges that a <u>Notice of Sale</u> was first recorded on July 6, 2010, but fails to include any allegations regarding a notice of intent to accelerate or an actual acceleration. *Id.* For this reason alone, Plaintiff's claim fails.

   14. Assuming, *arguendo*, that Plaintiff's claim established a 2010 acceleration, this acceleration was abandoned when Plaintiff and US Bank's predecessor, Bank of America, entered into a loan modification agreement on December 31, 2012. (*See* Exh. A, A-3.) As part of the modification agreement, Plaintiff's loan was deemed current due $85,267.34 in principal was waived. (*See id.* at ¶3.) Deeming the account current, had the effect of abandoning any prior accelerations. *Rosas v. America's Servicing Co. (In re Rosas)*, 520 B.R. at 540. Additionally, in the modification agreement Plaintiff represented that he made all the required payments under a trial modification plan. (*See* Exh. A-3 at ¶1D.) Acceptance of payments from Plaintiff also had the effect of abandoning any prior acceleration. *Khan v. GBAK Props.*, 371 S.W.3d 347 at 353.

15. Plaintiff admits that, after the loan modification agreement was executed, no efforts to enforce the lien interest on the Property were made until 2014. *See Pl's Orig. Pet.* at ¶13. Because the foreclosure occurred on September 2, 2014 (*see id.*), which was within four years of the prior abandonment of the acceleration, any acceleration thereafter could only have occurred less than four years prior to the foreclosure sale. Accordingly, Plaintiff's statute of limitations claim fails and should be dismissed with prejudice.

### B. Any alleged defect in the recorded assignment does not, as a matter of law, establish that Defendants US Bank and Rushmore lack standing to foreclose.

#### 1. Plaintiff fails to establish Defendants are not mortgagees.

16. Plaintiff's remaining claims including his claims for: (1) lack of standing to foreclose as real party of interest; (2) breach of contract and lack of contractual standing; (3) quiet title and declaratory relief; (4) are premised on the idea that Defendants have no authority to foreclose on the Property[2]. *See Pl's Orig. Pet.* This claim is also without merit. The Texas Property Code allows mortgagees to conduct a non-judicial foreclosure sale "under a power of sale conferred by a deed of trust or other contract lien." TEX. PROP. CODE § 51.002. A mortgagee is defined as "the grantee, beneficiary, owner, or holder of a security instrument" or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.001.

17. Here, Plaintiff's challenge to the assignment of the Deed of Trust, even if taken as true, could only establish that Defendants are not the last persons of record to whom the security instrument was transferred. *See* TEX. PROP. CODE § 51.001(4)(C). However, this is only one of several ways to establish mortgagee status under the Texas Property Code. *See* TEX. PROP. CODE §

---

[2] These claims fail against MERS because MERS was not a party to the foreclosure sale because it assigned its interest to BAC on December 2, 2010, long before any actions were taken on the 2014 foreclosure sale. *See Pl's Orig. Pet.* at ¶ Exh. H.

51.001; *see also Svoboda v. Bank of Am., N.A.*, No. SA-12-CV-00484-DAE, 2013 U.S. Dist. LEXIS 109995 at *27 (W.D. Tex. Aug. 6, 2013) ("recordation of assignment is one of several methods of establishing status as mortgagee") (affirmed on appeal by *Svoboda v. Bank of Am., N.A.*, No. 13-50818, 2014 U.S. App. LEXIS 10598 (5th Cir. June 6, 2014)). Plaintiff's Petition fails to address the idea that Defendants US Bank and Rushmore are mortgagees under the remaining provisions of § 51.001. (*See Pl's Orig. Pet.*) In particular, Plaintiff does not allege any facts to support their theory that neither US Bank nor Rushmore is the holder of the Note. *See Pl's Orig. Pet.* Plaintiff also does not allege that US Bank and Rushmore are not grantees, beneficiaries, or owners of Plaintiff's security instrument. (*Id.*) Accordingly, because Plaintiff has failed to allege that Defendants are not mortgagees, he has no basis for his allegations that US Bank and Rushmore have no authority to foreclose on the Property and his claims must be dismissed with prejudice.

### *2. US Bank has standing to foreclose as a mortgagee.*

18. US Bank has standing to proceed with foreclosure as a "mortgagee," as that term is defined under Chapter 51 of the Texas Property Code.[3] TEX. PROP. CODE § 51.0025. The Property Code specifically gives a mortgagee and mortgage servicer the authority to exercise the power of sale through its authority to appoint a substitute trustee under Texas Property Code Section 51.0075. To qualify as a mortgagee, one must, among other qualifications, either be the grantee, beneficiary, owner, or holder of a security instrument, or one may also be the last person

---

[3] *See* Tex. Prop. Code Sec. 51.0001(4) ("Mortgagee means: (A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."); see also Tex. Prop. Code Sec. 51.0001(3) (mortgage servicer means: the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument )

to whom the security interest was assigned of public record. *See* TEX. PROP. CODE § 51.0001(4); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 223 (5th Cir. 2013).

19. In this case, US Bank qualifies as a mortgagee as the last party to which the Deed of Trust was assigned of record. Bank of America, through its predecessor BAC, was assigned the Deed of Trust from MERS, the original beneficiary. *See* Exh. B-1; *Pl's Orig. Pet.* at ¶ Exh. H. Bank of America then assigned its interest in the Deed of Trust to US Bank. Exh. A, A-3. Accordingly, US Bank is the last assignee of record of the Deed of Trust and, therefore, had the authority to enforce the Deed of Trust by conducting a foreclosure sale of the Property.

20. US Bank also qualifies as a mortgagee and had the authority to foreclose as the owner of the Note. (Exh. A at ¶4.) *Perez v. Deutsche Bank Nat'l Trust Co.*, No. SA-13-CV-430-XR, 2013 U.S. Dist. LEXIS 153947 at *14, 2013 WL 5781208 (W.D. Tex. Oct. 25, 2013) (recognizing that an owner of the Note is a mortgagee.) Accordingly, there is no genuine issue of material fact as to whether US Bank is the proper party to administer the foreclosure process under the terms of the Loan Agreement and Texas law. *See Farkas*, 737 F.3d at 342; *see also Hall v. BAC Home Loans Servicing, L.P.*, 541 Fed. Appx. 430, 433 (5th Cir. 2013).

**C. Plaintiff lacks standing to contest assignments.**

21. Despite there being a valid assignment in the Real Property Records, Plaintiff contests the transfer of rights under the related deed of trust from the MERS to Defendant US Bank. *See Pl's Orig. Pet.* at ¶¶ 34-38. However, Plaintiff was not a party to the assignments of his mortgage and therefore has no legal rights or interest in such assignments. Accordingly, Plaintiff lacks standing to bring this claim, and the causes of action in his Petition based on this claim should be dismissed.

22. In order to establish standing, a plaintiff must assert their own legal rights and interest, and cannot rely on the legal rights and interest of a third party. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (*citing, e.g.*, *Tileston v. Ullman*, 318 U.S. 44 (1943); *United States v. Raines*, 362 U.S. 17 (1960)); *see also Apache Bend Apartments, Ltd. v. United States*, 987 F.2d 1174, 1176 (5th Cir. 1993) (en banc) (internal quotation omitted). Mortgage borrowers have no standing to contest the assignments from assignee to assignee because the borrower is not a party to those agreements. *McAllister v. BAC Home Loans Servicing, LP,* No. 4:10–CV–504, 2011 WL 2200672, at *5-6 (E.D. Tex., April 28, 2011); *Munoz v. HSBC Bank USA, N.A.*, 2013 U.S. Dist. LEXIS 8701 at *38 (S.D. Tex. Jan. 22, 2013); *Eskridge v. Fed. Home Loan Mortgage Corp.*, Case No. 6:10–CV–285, 2011 WL 2163989, at *5 (W.D. Tex., Feb. 24, 2011). Those agreements are for the benefit of the assignor and assignee; the borrower's rights are not affected by them and they accordingly lack standing to complain about them. *Id.* An obligor may only defend against an assignee's efforts to enforce the obligation on a grounds that would render the assignments void. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013).

23. Here, Plaintiff has challenged the assignment of the Deed of Trust in attempt to defend against Defendant's efforts to enforce Plaintiff's obligations under the Note and Deed of Trust. *See Pl's Orig. Pet.* at ¶¶ 26-37. In order to have standing to bring this claim, Plaintiff must challenge the assignment on grounds that would render it void. *See Reinagel* at *9. In an attempt to establish standing to challenge the assignments of his mortgage, Plaintiff admits that a chain of assignments to US Bank exists, but alleges that they are void because MERS lacked authority to transfer the mortgage. *See Pl's Orig. Pet.* at ¶¶ 32, 35-36.

24. To the contrary, the Deed of Trust expressly states that MERS is the beneficiary of the Deed of Trust and contemplates and allows for an assignment of the Deed of Trust from

MERS. *See Pl's Orig. Pet.* at Exhibit B at p. 3 ("MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."). Therefore, because MERS' authority to assign the mortgage was expressly defined in the Deed of Trust, Plaintiff's claim that it had no such authority is without merit. Indeed, Texas courts have recognized MERS's authority, as beneficiary, to assign a deed of trust. *See, e.g.*, *Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 Fed. Appx. 533, 536 (5th Cir. 2013) (MERS and its assigns has authority to exercise its interest in the deed of trust without being holder of the note); *Spositi v. Fed. Nat'l Mortgage Ass'n*, No. 4:11-cv-542, 2011 U.S. Dist. LEXIS 139039, at *11 (E.D. Tex. Nov. 3, 2011) (finding that MERS was a valid mortgagee under Texas law and that MERS had the ability to transfer its rights and interests in the deed of trust); *see also Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 759 fn. 8 (N.D. Tex. 2013) (affirming MERS' authority to assign its interest in the deed of trust); *Svoboda v. Bank of Am., N.A.*, 964 F. Supp. 2d 659, 667, (W.D. Tex. 2013) (recognizing that since MERS has the authority to foreclose on the property under the deed of trust, its assignee also has the authority).

25. Moreover, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor. *Reinagel*, at 228. Plaintiff has not alleged that MERS has ever disaffirmed or challenged the validity of the assignment of the mortgage. *See Pl's Orig. Pet.* generally. Accordingly, Plaintiff has failed to establish standing to bring his claim and it must be dismissed.

**D. Plaintiff's quiet title relief claim fails because he does not allege that Defendants' interest in the Property is invalid and it is duplicative of his other claims.**

26.     A suit to quiet title is an equitable action. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). To sustain a claim to quiet title, "a plaintiff must show '(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.'" *Davis v. Bank of Am., NA*, No. 3:11-CV-3276-B, 2012 U.S. Dist. LEXIS 93731, *9 (N.D. Tex. July 6, 2012) (citing *Bell v. Bank of America Home Loan Servicing*, No. 4:11-CV-02085, 2012 U.S. Dist. LEXIS 21274, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012)). Plaintiffs must prove and recover on the strength of their own title, not the weakness of their adversary's title. *Id.* "The defendant is not required to show title in [it]self, nor may the plaintiff rely on the defendant's failure to do so." *Wall v. Carrell*, 894 S.W.2d 788, 797 (Tex. App—Tyler 1994, writ denied). The plaintiff must also "allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).

27.     In this case Plaintiff seeks to quiet title to the Property against Defendant US Bank based his theory that it holds no interest in the Property because enforcement of the lien interest was barred by the statute of limitations and the assignments of the Deed of Trust were invalid[4]. *See Pl's Orig. Pet.* at ¶41. Plaintiff does not contest the validity of the Deed of Trust or claim a superior interest in the Property to US Bank. *See Pl's Orig. Pet.* As such, he has failed to maintain a valid quiet title action and their claim must be dismissed. *Hudson v. JP Morgan Chase Bank, N.A.*, 541 Fed. Appx. 380, 385 (5th Cir. 2013) (affirming dismissal of quiet title

---

[4] This claim fails against MERS because MERS no longer asserts any interest in the Deed of Trust or the underlying Property since it assigned its interest in the Deed of Trust in 2010.

claim based upon invalidity of assignment of deed of trust but not contesting the validity of the underlying deed of trust.)

28. Furthermore, Plaintiff's quiet title claim is duplicative of his other claims concerning Rushmore and US Bank's standing to foreclose. As demonstrated above, these clams fail as a matter of law and his quiet title claim should also be dismissed.

### E. Plaintiff is not entitled to injunctive relief.

29. Plaintiff seeks injunctive relief in the form of a Restraining Order preventing Defendants from pursuing eviction proceedings on the Property. *See Pl's Orig. Pet.* at Prayer. Injunctive relief is an equitable remedy that should be dismissed when no substantive claims have been pleaded. *Kirksey v. America's Servicing Co.*, Case No. H-12-2859 2013 U.S. Dist. LEXIS 109049 at *12 (S.D. Tex. Aug. 2, 2013). "[T]o obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim." *Howard v. JP Morgan Chase NA,* No. SA-12-CV-00440-DAE, 2013 U.S. Dist. LEXIS 54433 at * 29 (W.D. Tex. Apr. 17, 2013).

30. Here, Plaintiff is not entitled to the injunctive relief he sees because the court has no jurisdiction to issue an injunction. District courts have no jurisdiction to issue an injunction stopping an eviction. *McGlothin v. Kliebert*, 672 S.W.2d 231, 232 (Tex.1984); *TMC Medical, Ltd. v. The Lasaters French Quarter Partnership*, 880 S.W.2d 789 (Tex. App.—Tyler 1994, writ dism'd, w.o.j.). The reasoning involves a distinction between disputes concerning *possession* and disputes concerning *title*. Generally, justice courts have original jurisdiction over possession issues (TEX. PROP. CODE § 24.004) and district courts have original jurisdiction over title issues (TEX. CONST. ART. V, § 8; TEX. GOV'T CODE § 26.043). And Rule Texas Rule of Civil

Procedure 510.3(e) provides that the justice "court must adjudicate the right to actual possession and not title." *See* Tex. R. Civ. P. 510.3(e).

31. However, the jurisdiction of the district court may pre-empt the justice court on issues of possession when questions of title and possession are so integrally linked or intertwined that possession may not be determined without first determining title. In such cases, and only in such cases, may the justice court be deprived of jurisdiction. *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Merit Management Partners I, L.P. v. Noelke*, 266 S.W.3d 637,650 (Tex. App.—Austin 2008, no pet.)[5].

32. Moreover, the Court is barred under both the Anti-Injunction Act and the *Rooker-Feldman* Doctrine from issuing an injunction on the county court at law from hearing Plaintiff's appeal. *See Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. Appx. 414, 416 (5th Cir. 2013); *see also Brinson v. Universal Am. Mortg. Co.*, No. G-13-463, 2014 U.S. Dist. LEXIS 22935 at **7-8 (S.D. Tex. Feb. 24, 2014); *Williams v. First Magnus Fin. Corp.*, No. G-13-0318, 2014 U.S. Dist. LEXIS 70812, 3-4 (S.D. Tex. May 23, 2014). Accordingly, this claim should be dismissed.

**F. Plaintiff fails to state a claim under the Texas Debt Collection Practices Act.**

33. To demonstrate entitlement to relief under the TDCA, a plaintiff must prove: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See* TEX. FIN. CODE §§ 392.001–392.404.

---

[5] Defendant would note that in Harris County, the county courts at law have the benefit of an exception under the Government Code and may hear title issues.

34. In this case, Plaintiff alleges that Defendant US Bank violated the TDCA by threatening to foreclose by providing a notice of foreclosure sale and foreclosing after the statute of limitations period ended[6]. *See Pl's Orig. Pet.* at ¶59. But the TDCA "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *See* TEX. FIN. CODE § 392.301(b)(3); *Townsend v. Barrett Daffin Frappier Turner & Engel, LLP*, 2013 Tex. App. LEXIS 13515 at *15 (Tex. App.—Beaumont Oct. 31, 2013, writ denied). Thus, because US Bank's act of providing a notice of sale was exempt under the Act, Plaintiff's TDCA claim should be dismissed.

35. Additionally, Plaintiff's claim that US Bank violated the TDCA by foreclosing on a lien that was barred by the statute of limitations is, again, duplicative of his statute of limitations claim which fails as a matter of law. As such, Plaintiff's TDCA claims fail and must be dismissed.

36. Finally, Plaintiff's TDCA claim should be dismissed because it has been brought as a tie-in claim under the DTPA and Plaintiff is not a consumer under the act. To recover under the Texas DTPA, a plaintiff must first prove that he or she is a "consumer." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). The Texas Business and Commerce Code defines a "consumer" as an individual, a partnership, a corporation, the State of Texas, or a subdivision or agency of Texas, that seeks or acquires, by purchase or lease, goods or services. Tex. Bus. & Comm. Code Ann. § 17.45(4) (Vernon 2004).

37. The purchase of intangible property rights is not considered the purchase of goods or services sufficient to qualify the purchaser as a consumer under the DTPA. *See White v. Mellon Mortgage Co.*, 995 S.W.2d 795, 801 (Tex. App.—Tyler 1999, no pet.). Loans of money

---

[6] Again, this claim implicates no liability on the part of MERS.

or extensions of credit are examples of intangibles that are not goods or services under the DTPA. *Maginn v. Norwest Mtg.*, 919 S.W.2d 164, 166 (Tex. App.—Austin 1996, no writ); *Henderson v. Texas Commerce Bank-Midland, N.A.*, 837 S.W.2d 778, 782 (Tex. App.—El Paso 1992, writ denied). As Plaintiff's DTPA claims arise entirely from the position as a mortgage-borrower against his lender, Plaintiff cannot meet the definition of "consumer" under the Texas DTPA and his DTPA claim fails as a matter of law.

### G. Plaintiff is not entitled to a rescission of his loan agreement.

38. Lastly, Plaintiff seeks a rescission of his entire loan agreement. *See Pl's Orig. Pet.* at ¶64. Under Texas law, rescission is an equitable remedy, not a separate cause of action. *Diaz-Angaraita v. Countrywide Home Loans,* Inc., No. H-13-cv-2638, 2013 WL 5603468, *3 (S.D.Tex. Oct. 13, 2013) (quoting Scott *v. Sebree*, 986 S.W.2d 364, 368 (Tex. App.-Austin 1999, pet.denied)("[Rescission is not a 'claim' or a legal cause of action but an equitable remedy used as a substitute for monetary damages when such damages are inadequate.") Because Plaintiff's substantive claims fail as a matter of law, he cannot obtain relief through a rescission and this claim should be dismissed. *Garcia v. Universal Mortg. Corp.*, No. 3:12-CV-2460-L, 2013 U.S. Dist. LEXIS 63445 at *38 (N.D. Tex. May 3, 2013)(dismissing rescission claim when all other claims fail as a matter of law.)

### H. No claims brought specifically against MERS and, therefore, it should be dismissed.

39. Plaintiff does not allege any claims against MERS and it should therefore be dismissed from this action. Plaintiff's Complaint only asserts claims against the parties who foreclosed on the Property. *See. generally*, *Pl's Orig. Pet*. Plaintiff does not allege that MERS is took any part in the foreclosure of the Property, only that the assignments in its name were invalid. *Id.* But, even assuming that the assignments from MERS were invalid – which

Defendants do not concede – , Plaintiff underlying claims—that the lien was barred by the statute of limitations, quiet title, breach of contract, violations of the TDCA and DTPA, and rescission—all revolve around the 2014 foreclosure sale, which MERS took no part in because it assigned away its interest long before the sale[7]. (Exh. A-3.) As a result, Plaintiff's claims against MERS should be dismissed in their entirety.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that their Motion for Summary Judgment be granted and the all of the claims asserted by Plaintiff be dismissed with prejudice. Defendants ask that they be awarded all other relief to which they may be entitled.

Respectfully submitted,

By: ___/s/ Mark D. Cronenwett_____
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 00787303
mcronenwett@mwzmlaw.com

**PHILIP W. DANAHER**
Texas Bar No. 24078395
Southern District Bar No. 2023903
pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANTS US BANK NATIONAL ASSOCIATION, AS TRUSTEE, RUSHMORE LOAN MANAGEMENT SERVICES, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

---

[7] Plaintiff's other reference to the foreclosure sale notice filed also does not implicate any wrongdoing on behalf of MERS because it also occurred after MERS assigned its interest. *See Pl's Orig. Pet.* at ¶13. (Plaintiff states that the Notice of Sale was filed on August 12, 2014—nearly four years after MERS executed the assignment on December 2, 2010.)

**CERTIFICATE OF SERVICE**

The undersigned further certifies that on the 12th day of June, 2015, a true and correct copy of the foregoing document was delivered via ECF notification to all counsel of record:

Jeffrey C. Jackson
Jackson & Elrod, LLP
2200 N. Loop West, Ste. 108
Houston, TX 77018

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**