UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY GUILLEN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-849 |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

Pending before the court is defendants US Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust ("US Bank"), Rushmore Loan Management Services, LLC ("Rushmore"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion for summary judgment. Dkt 21. After reviewing the motion, response, and relevant law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

Plaintiff Rudy Guillen is the borrower on a mortgage secured by the property located at 13334 Lake Passage Lane, in Houston (the "Property"). Dkt. 1-1 at 7. MERS was the original beneficiary of the deed of trust securing the mortgage. Dkt. 21-1 at 21. The Deed of Trust was later sold to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP ("BAC"). Dkt. 1-1 at 68. BAC merged with Bank of America, and Bank of America assigned its interest in the deed of trust to US Bank. Dkt. 21-1 at 46. US Bank remains the holder of the note and beneficiary of the deed of trust. Dkt. 21-1. Rushmore is the current servicer for US Bank. *Id.* Guillen defaulted on the note in 2009 and received several notices of foreclosure sale beginning on or around June 16, 2010. Dkt. 26 at 8-9. On December 13, 2012, Guillen executed a loan

modification agreement which forgave a portion of the principal and deemed the account current. Dkt. 21-1 at 52. Guillen missed the January 1, 2013 loan payment and all subsequent payments. Dkt. 21-1 at 64. US Bank initiated foreclosure proceedings in September 2014. Dkt. 26 at 9.

Guillen filed this action in state court alleging that US Bank was wrongfully foreclosing on the Property. Dkt. 1-1. Guillen argues that the foreclosure is barred by the statute of limitations and that US Bank has no standing to foreclose on the Property because the note and deed of trust securing the Property are invalid. *Id.* Plaintiff brings claims for 1) affirmative defense of statute of limitations to foreclosure, 2) lack of standing to foreclose as a real party in interest, 3) quiet title and declaratory relief, 4) breach of contract and lack of contractual standing, 5) violations of the Texas Debt Collection Act ("TDCA"), and 6) rescission.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Statute of Limitations

Guillen claims that US Bank's lien is void because it failed to foreclose on the Property within four years of accelerating the note. Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). After four years, "the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035(d). "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated." *Khan v. GBAK Props., Inc.*, 371 S.W.2d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Burney v. Citigroup Global Mkts. Realty Corp.*, 244 S.W.3d 900, 903 (Tex. App.—Dallas 2008, no pet.)). "While accrual is a legal question, whether a holder has accelerated a note is a fact question." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001).

Abandoning acceleration prior to the expiration of the limitations period restores the note to its original terms, and upon abandonment, the noteholder is no longer required to foreclose within the four-year period. *Kahn*, 371 S.W.3d at 353; *see also Leonard v. Ocwen Loan Servicing, LLC*, 2014 WL 4161769, at *4 (S.D. Tex. Aug. 19, 2014); *Clawson v. GMAC Mortg., LLC*, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). "[T]he parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." *Kahn*, 371 S.W.3d at 356.

In this case, any acceleration was abandoned when the note was restored to its original terms by the loan modification agreement on December 13, 2012. US Bank's foreclosure in September

2014, within four years of the execution of the loan modification agreement, was timely. Guillen's claim based on the statute of limitations should be dismissed.

### B. Lack of Standing

Guillen argues that US Bank does not have standing to foreclose on the loan because it cannot show that it is the last assignee of the deed of trust. Dkt. 26 at 19. The documents submitted to the court, as described above, show otherwise. US Bank is the note holder and is the appropriate party to foreclose on the loan.

Guillen also claims that U.S. Bank does not have standing to foreclose because the assignments in the chain of title were forged. Dkt. 26 at 23. Although a forged assignment is void and can potentially be challenged by the debtor, Guillen has not submitted any evidence that the assignment was actually forged. *See Reinagel v. Duetsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir 2013); *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 601 (Tex. App.—Houston [14th Dist.] 1994, writ denied). In support of his forgery argument, Guillen attaches several documents purporting to show different forms of signatures for different bank representatives. Dkts. 26-10, 26-11, 26-12. The court is unable to notice a difference among the signatures, and Guillen has not presented evidence that the signatures were made by different people, and that those people were unauthorized to sign the documents on behalf of the signatory. Without more, Guillen's claim for lack of standing cannot survive summary judgment.

### C. Quiet Title and Declaratory Relief

Guillen's claims to quiet title and for declaratory relief are based exclusively on his theories that the attempted foreclosure was untimely and that US Bank does not have standing to foreclose on the loan. Dkt. 26 at 28-30. Because those claims are without merit, as analyzed above, so are Guillen's claims to quiet title and for declaratory relief.

### D. Texas Debt Collection Practices Act

Guillen's claim under the Texas Debt Collection Practices Act ("TDCPA") is predicated on his argument that US Bank improperly threatened to foreclose on the loan outside the limitations period and without standing to do so. Because the court has already determined that U.S. Bank had standing to foreclose and did so in a timely manner, this claim must be dismissed as well.

### E. Rescission

Although plaintiff alleges a claim for rescission of his loan agreement, he does not point the court to any evidence supporting this claim. Nor does the court find anything in the record that would support rescission of the loan agreement. This claim must be dismissed.

### F. Breach of Contract

Guillen's claim for breach of contract is predicated on his argument that US Bank improperly threatened to foreclose on the loan outside the limitations period and without standing to do so. Because the court has already determined that US Bank had standing to foreclose and did so in a timely manner, the breach of contract claim must be dismissed as well.

### IV. CONCLUSION

Guillen has not presented evidence sufficient to show a genuine issue of material fact on any of his claims against defendants US Bank, Rushmore, or MERS. Accordingly, their motion for summary judgment (Dkt. 21) is GRANTED and the claims against them are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on July 15, 2015.

_____
Gray H. Miller
United States District Judge