UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY GUILLEN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-849 |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is plaintiff Randy Guillen's motion to alter or amend a judgment.[1] After considering the motion, responses, and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

Plaintiff Randy Guillen has moved to alter or amend the judgment of this court granting summary judgment to defendants US Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust ("US Bank"), Rushmore Loan Management Services, LLC ("Rushmore"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). Dkt. 31. Guillen by the same motion, has moved to alter or amend the judgment of this court granting summary judgment to defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of America, N.A. ("BOA"). *Id.* The background is set out in detail in this court's July 15, 2015 order and is only summarized here. *See* Dkt. 27 at 1–2.

Guillen is a borrower on a mortgage secured by the property located at 13334 Lake Passage Lane in Houston, Texas (the "Property"). Dkt. 1, Ex. B-1 at 7. US Bank initiated foreclosure

---

[1] Plaintiff's motion is titled "Plaintiff's Motion for New Trial Under Fed. R. Civ. P. 59(e)." Dkt. 31. However, a motion under Rule 59(e) is a motion to alter or amend a judgment, not a motion for a new trial.

proceedings in September 2014. Dkt. 26 at 9. Guillen filed an action alleging that US Bank was barred from foreclosing on the Property because the note and deed of trust securing the Property were invalid. Dkt. 1-1, Ex. B-1 at 10–11. Guillen based his action on 1) the affirmative defense of statute of limitations to foreclosure, 2) lack of standing to foreclose as a real party in interest, 3) quiet title and declaratory relief, 4) breach of contract and lack of contractual standing, 5) violations of the Texas Debt Collection Act, and 6) rescission. Dkt. 1-1, Ex. B-1 at 14–23.

On April 4, 2015, US Bank, Rushmore, and MERS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 10. The court issued an order converting the motion to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Dkt. 17. The court allowed 10 days for the defendants to file supplemental briefings and evidence in support of their arguments and 20 days for the plaintiff to respond and attach any evidence indicating that there was an issue of material fact with regard to his claims. *Id.* During this time, Countrywide and BOA filed their own motion to dismiss. Dkt. 18. US Bank, Rushmore, and MERS subsequently filed a motion for summary judgment. Dkt. 21. The court terminated the original motion to dismiss filed by US Bank, Rushmore, and MERS.

On July 15, 2015, the court concluded that Guillen did not present sufficient evidence to show a genuine issue of material fact as to any of his claims against US Bank, Rushmore, or MERS. Dkt. 27. The court granted summary judgment in favor of those defendants. *Id.* On the same day, the court converted Countrywide and BOA's motion to dismiss to a motion for summary judgment under Rule 12(d) and granted summary judgment in their favor. Dkt. 28. The court found that Guillen had already been given a reasonable opportunity to show a genuine issue of material fact and found that the reasoning laid out in its previous order granting summary judgment was applicable to Countrywide and BOA's motion. *Id.* Guillen claims that the court committed manifest error of

law when it dismissed his "'lack of standing' claim based on forgery and the associated claims for quiet title and declaratory relief." Dkt. 31 at 2.

## II. LEGAL STANDARD

A "motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and "cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Altering an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## III. ANALYSIS

Guillen moves to alter or amend the judgment based on manifest error of law. Dkt. 31. Guillen seeks to show that the court erred when it dismissed his lack of standing claim based on defendants' 12(b)(6) motion. Dkt. 31 at 2. However, the court did not dismiss Guillen's claims under Rule 12(b)(6). The court dismissed Guillen's claim under Rule 56(c) after converting Countrywide and BOA's motion to dismiss to a motion for summary judgment and granting summary judgment to all defendants. Dkt. 27, 28.

**A. Rule 12(d) Conversion to Summary Judgment**

When matters outside the pleadings are submitted in support of or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b) grants courts discretion to accept and consider those materials but does not require them to do so. *See Prager v. LaFaver*, 180 F.3d 1185, 1188–89 (10th Cir. 1999); *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988). A court exercises this

3

discretion by determining whether the proffered material and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure is likely to facilitate resolving the action. *Isquith*, 847 F.2d at 193 n.3. If the court decides to consider the material, then the court must treat the Rule 12(b)(6) motion as a Rule 56 motion. Fed. R. Civ. P. 12(d). If the court refuses to consider the materials outside the pleadings, the court decides the motion to dismiss under the Rule 12(b)(6) standard.

The court based its decision to convert Countrywide and BOA's 12(b)(6) motion to dismiss on the ground that the parties referred to documents outside of the pleadings. Dkt. 28. The court granted both US Bank, Rushmore, and MERS's motion for summary judgment and Countrywide and BOA's converted motion for summary judgment. Dkts. 27, 28. Because both motions were reviewed as motions for summary judgment, the plaintiff must establish the requirements for a Rule 59(e) altered or amended judgment based on the standards applicable to a motion for summary judgment, not those applicable to a motion to dismiss.

**B. Grounds for Summary Judgment**

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

Guillen bases his request for an altered or amended judgment on the sufficiency of his pleadings. Dkt. 31 at 5–7. He argues that the court committed manifest error of law when it dismissed his forgery claim because "[d]efendants had adequate information to answer Plaintiff's Complaint." Dkt. 5 at 5. Specifically, Guillen claims he was required only "to plead on information and belief and/or upon a reasonable likelihood of evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11(b)(3)." Dkt. 31 at 3. However, once Countrywide and BOA's motion to dismiss was converted to a motion for summary judgment, the plaintiff's burden was no longer that required under Federal Rule of Civil Procedure 11(b). At that point, two motions for summary judgment were pending before the court.

Guillen was put on notice by the court's order on June 3rd that he was to "file responsive pleadings and attach any evidence indicating that there is an issue of material fact with regards to his claims." Dkt. 17. After considering all the evidence, the court ruled that "Guillen ha[d] not presented *any* evidence sufficient to show a genuine issue of material fact on any of his claims against defendants US Bank, Rushmore, or MERS." Dkt. 27 at 5 (emphasis added). The court then extended that finding to the second motion for summary judgment in favor of defendants Countrywide and BOA. Dkt. 28. The court's ruling was based on the motions for summary judgment, response, and relevant law, not on Guillen's pleadings. Dkt. 27 at 5.

Because Guillen has not established that it was a manifest error of law for the court to grant summary judgment to defendants, and he has not presented any newly discovered evidence, his request to alter or amend the final order is DENIED. Because his request to alter or amend the judgment on his lack of standing claim based on forgery is without merit, Guillen's request to alter or amend the judgment on the associated claims for quiet title and declaratory relief also fails.

5

## C. Amendment of the Final Order

Guillen points to the final order issued by the court on July 17, 2015 in his motion to alter or amend the judgment under Rule 59(e). Dkt. 31 at 2. Specifically, he complains of the court granting the defendants' motion to dismiss. *Id.* This appears to be a clerical error. All parties were put on notice that the pending motion to dismiss was converted to a motion for summary judgment. Dkt. 28. The final order will be amended to reflect only that the defendants' motions for summary judgment are granted.

## IV. CONCLUSION

For the foregoing reasons, Guillen's request to alter or amend the final order granting summary judgment to the defendants is DENIED.

Signed at Houston, Texas on October 15, 2015.

_____
Gray H. Miller
United States District Judge